UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REVEREND EVERETT ROY
REEL II,

    Plaintiff,

v.                                              CASE NO. 3:25-cv-1036-MMH-SJH

PUBLIX SUPER MARKETS, INC.,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the undersigned on *pro se* Plaintiff's Motion to Proceed in Forma Pauperis ("Motion"). Doc. 2. For the reasons stated herein, the undersigned **recommends** that the Motion be **denied** and that this case be **dismissed without prejudice**.

### I.    Background

Plaintiff filed his Complaint for Violations of the Fair Credit Reporting Act and Employment Discrimination ("Complaint"), Doc. 1, along with the Motion, on September 4, 2025. On September 11, 2025, the undersigned entered an Order ("Prior Order") taking the Motion under advisement and, after identifying multiple issues and deficiencies to address and cure, directed that Plaintiff had until October 2, 2025 to: (i) file an amended complaint in accordance with the Court's instructions and all applicable rules; and (ii) either pay the applicable filing fee or file an amended motion

to proceed *in forma pauperis* ("IFP"). Doc. 3. The Prior Order also warned that Plaintiff's failure to do so would likely result in a recommendation that the Motion be denied and that this action be dismissed without prejudice. *Id.* at 7-8. Plaintiff has not paid the applicable filing fee or filed an amended motion to proceed IFP, an amended complaint, or anything else in response to the Prior Order.

II.    **Standard**

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff who is a natural person to proceed without prepayment of fees or costs where such plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Even assuming a motion sufficiently demonstrates a plaintiff meets the financial criteria to proceed IFP, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court should also order repleading *sua sponte* if presented with a pleading that does not comply with the Federal Rules of Civil Procedure ("Rule(s)"). *See Abel v. Porshe Cars N. Am., Inc.*, No. 6:24-cv-593-PGB-DCI, 2024 WL 4793326, at *1 (M.D. Fla. Oct. 4, 2024).

In considering whether a party has sufficiently stated a claim under § 1915(e)(2)(B)(ii), the same standards applicable under Rule 12(b)(6) apply. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). A "complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a) demands "more than an unadorned, the defendant unlawfully harmed me accusation." *Id.* The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Courts accept "all factual allegations in the complaint as true" but "need not apply this rule to legal conclusions." *Anthony v. Am. Gen. Fin. Servs., Inc.*, 626 F.3d 1318, 1321 (11th Cir. 2010). Though *pro se* pleadings are construed liberally: (i) such liberal construction does not permit a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"; and (ii) *pro se* litigants must "comply with the rules of procedure." *LaCroix v. W. Dist. of Ky*, 627 F. App'x 816, 818 (11th Cir. 2015).[1]

### III. Analysis

As explained in the Prior Order, even liberally construed, the Motion and Complaint are each deficient. *See* Doc. 3. At the outset, the Motion provides

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289-90 (11th Cir. 2000); 11th Cir. R. 36-2.

insufficient information as to whether Plaintiff financially qualifies to proceed *in forma pauperis* ("IFP"). *See id.* at 1-2. The Prior Order thus directed Plaintiff to either pay the filing fee or file an amended motion to proceed IFP by properly completing the AO 239 Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). *Id.*; *see also Ruzsa v. Comm'r of Soc. Sec.*, No. 6:24-cv-1114-CEM-DCI, 2024 WL 3537369, at *1 (M.D. Fla. July 25, 2024) ("As an initial matter, the Motion is due to be denied because Plaintiff has failed to utilize the Long Form version of the motion to proceed *in forma pauperis*, which this Court requires[.]"); *White v. Clearwater Police Dep't*, No. 8:23-cv-932-CEH-MRM, 2023 WL 3584117, at *1 (M.D. Fla. May 22, 2023) (requiring completion of long-form application in support of IFP request).

Moreover, even assuming Plaintiff meets the financial criteria to proceed IFP, as the Prior Order explained, the Complaint, even liberally construed, is deficient. Doc. 3 at 3-6. The Complaint, filed against Publix Super Markets, Inc. ("Publix") and HireRight, LLC ("HireRight"), alleges violation of the Fair Credit Reporting Act ("FCRA") for inaccurate reporting against HireRight (Count I), violation of the FCRA based on adverse action procedures against Publix (Count II), and violation of Equal Employment Opportunity Commission ("EEOC") guidelines against Publix (Count III). Doc. 1 at 1-2. The sole facts alleged in support of all claims are set forth in Section IV of the Complaint.[2] *Id.* Plaintiff alleges:

---

[2] The Complaint also attaches certain exhibits, which are considered a part of the pleading, but they are not cited or explained in the body of the Complaint, which is improper and renders the pleading unclear. *See Jones v. Lee Cnty. Dep't of Hum. & Veteran Servs.*, No. 2:17-cv-427-FtM-29CM,

4

> Plaintiff was terminated based on inaccurate background information provided by HireRight. Publix failed to perform an individualized assessment or consider Plaintiff's rehabilitation and job performance. HireRight failed to maintain maximum possible accuracy and respond to Plaintiff's dispute of errors.

*Id.* at 1.[3] As the Prior Order explained, these allegations are insufficient to plausibly and properly allege the claims asserted. Doc. 3 at 3-6.

Preliminarily, with respect to Counts I and II under the FCRA, the Complaint is deficient as it "merely relies upon the entirety of 15 U.S.C. § 1681, without specifying which subsections warrant relief, requiring the Court to guess as to which subsections he claims are applicable. Without knowing the specific statutory sections that Plaintiff claims are applicable," not all of which even create a private right of action, "the Court cannot adequately assess the sufficiency of the pleading." *See Binch v. PNC Bank, N.A.*, No. 5:23-cv-8-TJC-PRL, 2023 WL 2775980, at *2 (M.D. Fla. Mar. 8, 2023), *report and recommendation adopted*, 2023 WL 2771299 (M.D. Fla. Apr. 4, 2023); *see also Sandiford v. Experian Info. Sols., Inc.*, No. 3:21-cv-552-MMH-MCR, 2021 WL 2258506, at *2 (M.D. Fla. June 3, 2021). Moreover, a plaintiff must support any FCRA claims with sufficient factual allegations, taken as true, to plausibly state a claim. *Iqbal*, 556 U.S. at 678. The Complaint fails to do so. *See generally* Doc. 1. Conclusory allegations or

---

2018 WL 6579405, at *2 (M.D. Fla. Oct. 23, 2018), *report and recommendation adopted,* 2018 WL 5961729 (M.D. Fla. Nov. 14, 2018); *see also Owens v. Fla. Dep't of Revenue*, No. 22-10550, 2023 WL 4105378, at *2 (11th Cir. June 21, 2023).

[3] These facts are presented in a single-paragraph, narrative format, which is also improper. *See Merryman v. St. Johns River Water Mgmt. Dist.*, No. 3:24-cv-658-MMH-SJH, 2024 WL 4625724, at *2 (M.D. Fla. Oct. 30, 2024); *Crowder v. World Prod. Sols.*, No. 8:21-cv-1950-TPB-TGW, 2021 WL 4505919, at *1 (M.D. Fla. Sept. 14, 2021).

5

formulaic recitations—such as in the Complaint—are insufficient. *See Iqbal*, 556 U.S. at 678; *Anthony*, 626 F.3d at 1321; *see also Matthews v. Experian Credit Bureau*, No. 8:23-cv-2662-KKM-SPF, 2024 WL 5055532, at *4 (M.D. Fla. Nov. 18, 2024) (finding Plaintiff failed to plausibly allege claims under § 1681e(b) and §1681i(a) of the FCRA where the conclusory allegations lacked adequate factual support), *report and recommendation adopted*, 2024 WL 5340726 (M.D. Fla. Dec. 9, 2024).

Finally, as to Count III, though unclear, Plaintiff appears to seek relief based on an alleged failure of Publix to follow EEOC guidance discussing an individualized assessment by employers considering applicants with criminal backgrounds. *See* Doc. 1; *see also Jones v. Chick-fil-a Supply, LLC*, No. 4:24-cv-33-WMR-JEM, 2024 WL 5717941, at *2-4 (N.D. Ga. June 18, 2024). But such EEOC guidelines "do not have the force of the law, and employers are not bound to following them." *See Jones*, 2024 WL 5717941, at *4. To sue based on alleged discrimination, a plaintiff must allege facts plausibly stating a violation of a law, such as Title VII of the Civil Rights Act of 1964. *See, e.g., id.* at *3-5; *see also Iqbal*, 556 U.S. at 678; *Anthony*, 626 F.3d at 1321.

Notably, the Prior Order provided an opportunity to cure the identified deficiencies, if possible, by directing Plaintiff to file an amended pleading and to pay the filing fee or file an amended motion to proceed IFP by October 2, 2025. Doc. 3 at 1, 6-7.[4] The Prior Order also expressly warned that a failure to do so would likely result in a recommendation that the Motion be denied and the case be dismissed without

---

[4] The Prior Order did not purport to address all potential deficiencies in the Complaint. Nor does this Report and Recommendation.

prejudice. *Id.* at 7-8. However, Plaintiff did not pay the filing fee or file an amended motion to proceed IFP, did not file an amended complaint, and did not otherwise attempt to cure the deficiencies noted in the Prior Order. Therefore, the undersigned recommends that the Motion be denied and that this case be dismissed without prejudice.

Accordingly, it is respectfully **recommended** that:

1. The Motion (Doc. 2) be **denied**.

2. This case be **dismissed without prejudice**.

3. The Clerk of Court be directed to terminate any pending motions and close the file.

## Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**DONE AND ENTERED** in Jacksonville, Florida, on October 10, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:
The Honorable Marcia Morales Howard, United States District Judge
*Pro se* Plaintiff